**WO**                                                                 MH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rodgerick T. Shears,<br><br>Plaintiff,<br><br>v.<br><br>Arizona Department of Corrections, et al.,<br><br>Defendants. | No.   CV-25-03642-PHX-SHD (CDB)<br><br>**ORDER** |

Plaintiff Rodgerick T. Shears, who is not confined, has filed a pro se Complaint (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 4). The Court will dismiss this action.

**I.   Application to Proceed in District Court Without Prepaying Fees or Costs**

Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs indicates that he qualifies for in forma pauperis status. 28 U.S.C. § 1915(a). The Court will therefore grant the Application and permit Plaintiff to proceed without payment of the filing fee.

**II.   Statutory Screening of In Forma Pauperis Complaints**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to review complaints brought by all plaintiffs who are proceeding in forma pauperis and must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally frivolous or

malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* plaintiff] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

. . . .

**III.    Complaint**

Plaintiff names the Arizona Department of Corrections, Rehabilitation & Reentry (ADC) and former ADC Director Charles Ryan as Defendants in his one-count Complaint. Plaintiff alleges that while he was incarcerated in an ADC prison from 2023 to 2025, he worked for a private company that contracted with ADC through Arizona Correction Industries. Plaintiff claims Defendants "unlawfully and without proper legislative authority," took $2,613 from his earnings "under the guise of 'room and board.'" He asserts that Arizona Revised Statutes section 31-261 "[s]tates the legislature appropriates funds to maintain prisoners" and further claims that under Arizona Revised Statutes section 35-101(13), ADC is "beyond its scope to encumber any inmate monies not court ordered, o[r] legislative." For relief, Plaintiff seeks court fees and costs, money damages, and a permanent injunction.

**IV.    Lack of Jurisdiction**

Federal courts have limited jurisdiction, and limitations on the court's jurisdiction must neither be disregarded nor evaded. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The Court is obligated to determine sua sponte whether it has subject-matter jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Rule 8(a) of the Federal Rules of Civil Procedure requires that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ." In order to proceed in federal court, Plaintiff must demonstrate some right of action and legal entitlement to the damages he seeks.

Plaintiff asserts jurisdiction is proper because the ADC is "an agency of the State of Arizona." However, under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in *federal* court without its consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Further, under 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff only alleges violations of *state* law and the Court therefore lacks federal question jurisdiction under § 1331. Additionally, Plaintiff's allegations do not support diversity jurisdiction because Plaintiff and Defendants are not citizens of different states and the amount in controversy is less than $75,000. *See* 28 U.S.C. § 1332(a).

Accordingly, the Court will dismiss the Complaint and this action for lack of jurisdiction.[1]

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 4) is **granted**; Plaintiff is not required to pay the filing fee.

(2) The Complaint (Doc. 1) is **dismissed without prejudice** for lack of jurisdiction and the Clerk of Court must enter judgment accordingly.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

---

[1] The Court notes that even if Plaintiff had alleged a violation of the *United States* Constitution, he still has not stated a claim. "Courts have consistently found that there is no constitutional impediment to deducting the cost of room and board from a prisoner's wages." *Tillman v. Lebanon County Corr. Facility*, 221 F.3d 410, 416 (3d. Cir. 2000). Moreover, Plaintiff is mistaken that ADC lacked legislative authority to deduct money from Plaintiff's earnings for room and board. Arizona Revised Statutes section 31-254(E)(4) mandates a deduction of "[t]hirty percent of the prisoner's wages for the room and board costs of maintaining the prisoner at the facility" if the compensation due the prisoner equals or exceeds two dollars per hour. *See Ward v. Ryan*, 623 F.3d 807, 812 (9th Cir. 2010) (Arizona Revised Statutes section 31-254 "provides for mandatory deductions from inmate wages, not only for the dedicated discharge account, but also for court costs, *room and board costs*, and court ordered dependent care") (emphasis added); *see also* Ariz. Rev. Stat. § 31-254(A) (requiring the ADC Director to "prescribe prisoner compensation of at least two dollars per hour" if the ADC Director "enters into a contract . . . with a private person, firm, corporation or association").

1  (3)  The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3)
2  and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal
3  of this decision would be taken in good faith and certifies that an appeal would not be taken
4  in good faith for the reasons stated in the Order and because there is no arguable factual or
5  legal basis for an appeal.

Dated this 15th day of January, 2026.

_____
Honorable Sharad H. Desai
United States District Judge